IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE:  Edward Quattrini and Krista Quattrini

CASE NO:  13-12653

**DEBTORS**          CHAPTER 13

## NOTICE OF TRANSFER OF CLAIM

Before this Court is the U. S. Department of Housing and Urban Development (HUD), and states that Home Loan Investment Bank, F.S.B. (lender) has transferred it's claim to HUD and requests the Clerk of the Court to send Notice to Home Loan Investment Bank, F.S.B. (lender) as required by Fed. R. Bankr. P. 3001(e)(4). In support thereof, HUD submits the following information:

**Name and address of transferor (original claimant):**
Home Loan Investment Bank, F.S.B.
One Home Loan Plaza
Warwick RI 02886

**Name and address of transferee:**
Please mail correspondence to:
U. S. Department of HUD
52 Corporate Circle
Albany, NY  12203

Please mail payments to:
U. S. Department of HUD
P.O. Box 105664
Atlanta, GA  30348

**Amount of Claim being transferred:**
Original total amount of claim $ 25,702.48

**HUD Claim Number: 780763550**

This transfer in unconditional.

This 5th day of May, 2014.

Sincerely,

Sanford M.L. Baer
**Debt Servicing Representative**
**Financial Operations Center**
**52 Corporate Circle**

## CERTIFICATE OF SERVICE

On the 5th day of May, 2014, a copy of the foregoing was served via United States Mail postage prepaid upon:

Law Office of Kevin B. Murray & Assoc
244 Weybosset St.
Providence RI 02903    (Attorney)

Home Loan Investment Bank, F.S.B.
One Home Loan Plaza
Warwick RI 02886

David A. DiMarzio, Court Clerk
Federal Building and Court House
One Exchange Terrace
Providence RI 02903

11-19-13 PM01:41

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Rhode Island | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:**
Edward Quattrini and Krista Quattrini
15 Woodland Avenue
Smithfield, RI 02917

**Case Number:**
1:13-bk-12653

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Home Loan Investment Bank, F.S.B.

**Name and address where notices should be sent:**
The Law Offices of Kevin B. Murphy and Associates, LLC
244 Weybosset Street
Providence, RI 02903

Telephone number: (401) 432-7000   email: kmurphy@kbmlawoffices.com

**Name and address where payment should be sent (if different from above):**
Home Loan Investment Bank, F.S.B.
One Home Loan Plaza
Warwick, RI 02886

Telephone number: (401) 739-8800   email: dlong@homeloanbank.com

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 25,702.48

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 1 0 1 3

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**3b. Uniform Claim Identifier** (optional): _____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:** $ 213,900.00

**Annual Interest Rate** 10.000% ☑ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ 25,702.48

**Basis for perfection:** Note

**Amount of Secured Claim:** $ 25,702.48

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)                                                                                                                                    2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Brian J. Murphy
Title: President
Company: Home Loan Investment Bank, F.S.B.
Address and telephone number (if different from notice address above):
One Home Loan Plaza
Warwick, RI 02886

(Signature)    11/13/13 (Date)

Telephone number: (401) 739-8800    email: BMurphy@homeloanbank.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B10 (Official Form 10) (04/13)   3

_____DEFINITIONS_____ | _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

# NOTE
(Secured)

Note Date: JULY 22, 2011

Funds Disbursed: JULY 27, 2011

**15 WOODLAND AVENUE, SMITHFIELD, RHODE ISLAND 02917**
(Property Address)

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $25,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is HOME LOAN INVESTMENT BANK, F.S.B.. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

2. **INTEREST**
   I will pay interest at a yearly rate of 10.0000 %.
   Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning on the date of this Note and continuing until the full amount of principal has been paid.

3. **PAYMENTS**
   I will pay principal and interest by making payments each month of U.S. $241.26.
   I will make payments on the 27TH day of each month beginning on AUGUST 27, 2011. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on JULY 27, 2031, I still owe amounts under this Note, I will pay all those amounts in full on that date. I will make my monthly payments at ONE HOME LOAN PLAZA, WARWICK, RHODE ISLAND 02886-1765 or at a different place if required by the Note Holder.

4. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   a. **Late Charge for Overdue Payments**
   I know that you will charge me extra if my payments are late. You may continue to charge interest on the payment which was late until I make the payment. If that happens, I understand that I will owe you more interest than I would have owed you if my payment had not been late. I agree that when I make the payment, you may apply it to the interest and other charges which I owe you at that time, and if there is any amount left over, you will apply that amount to the principal. I understand that this extra interest will result in an increase in the amount of the last payment which I will make under this Note.

   b. **Notice From Note Holder**
   If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

   c. **Default**
   If I do not pay the overdue amount by the date stated in the notice described in b above, I will be in default, and the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   d. **Payment of Note Holder's Costs and Expenses**
   If the Note Holder has required me to pay the entire balance of the Note immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

5. **THIS NOTE IS SECURED BY A MORTGAGE**
   In addition to the protection given to the Note Holder under this Note, a Mortgage dated on the same day as this Note protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.

6. **BORROWER'S PAYMENTS BEFORE THEY ARE DUE**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."
   I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

Page 1 of 2                                                                 TI Note – Secured



### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

### 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note, i.e., we are jointly and severally liable under this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

### 10. APPLICABLE LAW

I agree that this Note shall be governed by federal law and Rhode Island law, except that what are known as Rhode Island "conflicts of law" provisions will not apply. Furthermore, I agree that Lender may bring any suit to enforce this Note or any security document other than any mortgage in the courts of the State of Rhode Island and the Federal Government and I agree that any action arising between me and the Lender in connection with this Note or any security document other than any mortgage shall be brought in a court having jurisdiction and venue at Lender's address.

### 11. NOTICE TO CONSUMER

1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty, except for minimum charges as permitted by law.

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

_/s/ Levi F. Rockett_
Witness

_____
Witness

_/s/ Edward Joseph Quattrini_
Signature - EDWARD JOSEPH QUATTRINI

## ADDENDUM TO PROMISSORY NOTE
(Borrower Paid Insurance for Title 1 Loan)

Creditor: HOME LOAN INVESTMENT BANK, F.S.B., ONE HOME LOAN PLAZA, WARWICK, RHODE ISLAND 02886-1765

Borrowers: EDWARD JOSEPH QUATTRINI

Address: 15 WOODLAND AVENUE, SMITHFIELD, RHODE ISLAND 02917

Loan Number: ▮0005    Date: JULY 22, 2011

This Addendum to the Promissory Note, of even date hereof, represents the undersigned Borrower's acknowledgement of, and agreement with, the following terms and conditions respecting the Borrower's obligation to pay for Title 1 mortgage-guaranty insurance:

It is hereby acknowledged that Lender requires, as a condition of the Loan evidenced by the Promissory Note attached hereto, that Borrowers are obligated to pay the full cost of Title 1 mortgage-guaranty insurance for said Loan during the term of the Loan. Such insurance is solely for the benefit of Lender and is in addition to other property insurance which may be required as a condition of Borrower's Loan.

It is further agreed that Borrowers will be assessed, and must pay the required insurance premium to Lender each month in addition to the Borrower's regular monthly payment of principal and interest and such other charges as may be applicable in accordance with the Loan terms. It is understood that Lender shall be responsible to pay such monthly sums to the insurer on behalf of Borrower, and that such sums are included in the total Finance Charge for Borrower's Loan, but excluded from the Amount Financed for purposes of computing interest due on the amount loaned to Borrower or paid to others on Borrower's behalf.

It is further acknowledged by Borrowers that, although Borrower is paying the insurance premium monthly to Lender, Lender may be required to prepay said charge in advance on an annual basis, to obtain this coverage. Therefore, it is agreed by Borrower, that in the event this Promissory Note is prepaid by Borrower, any costs for insurance premiums which have been paid by Lender, and are unrefundable by the insurer, will be added to the total balance due hereunder and paid by Borrower, at the time of prepayment.

Borrowers acknowledge that upon any failure of Borrower to pay the required monthly premiums, Lender may pay for and advance such premiums and add the cost to Borrower's outstanding balance of the Loan. Such sums will not bear interest. However, Borrower will remain liable for the payment of said sums so advanced, and if not paid upon Lender's demand therefore, Borrower shall be deemed in default of the Loan Note and Security Agreement, and Lender may invoke such remedies as are available in its discretion.

It is so acknowledged and Agreed:
(Must be signed by all Borrowers who execute the Promissory Note)

Required FHA Credit Insurance: $ 20.83
Total Monthly Payment: $ 262.09

_[signature]_    Date: 7/22/11
Borrower - EDWARD JOSEPH QUATTRINI

Addendum to Promissory Note

Edward Joseph Quattrini

Loan # 300005

Title 1 Case Number: 70278-0000304

All rights, title and interest of the undersigned is hereby assigned (without warranty, except

That the loan qualifies for insurance) to the United States of America (U.S. Department of

Housing and Urban Development).

<u>Home Loan Investment Bank</u>

(Name of Financial Institution)

By: _____  Title: Vice President  Date: February 12, 2014

Everett A. Barton, Jr.